

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Dear Sir:

Opinion No. O-6319
Re: Is it constitutional for the
Federal Government to levy and
collect excise taxes on articles
manufactured and sold to states
and political subdivisions
thereof?

We have given careful consideration to your request
for our opinion upon the captioned question. We quote from
your letter as follows:

"On November 22, this County was invoiced with a
business machine which had been purchased during the
month from the Monroe Calculating Machine Company, Inc.,
of Orange, New Jersey; and included in the billing was
the Federal Excise Tax which is ordinarily never billed
to counties and if it if there is an Exemption Invoice
which can be signed to get this tax back. This of course
is due to the fact that in the past it was understood
that the Federal Government could not tax States or Muni-
cipalities or subdivisions of said State.

"Along with this billing was a printed slip which
informed us that the tax must be paid and that exemption
certificates were no longer acceptable in lieu of the tax.
Thinking perhaps that because this was a new ruling that
the company had made an error in interpreting it to apply
to counties, I first wrote to the Treasury Department at
Austin for an interpretation. This inquiry was answered
and in the second paragraph of this reply I found that the
office there was 'in receipt of information that on November
20, 1944, the exemption of Federal manufacturers' excise tax

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

was revoked on business machines sold or transferred
to any State, Territory of the United States, or
political subdivision thereof, - -'. It appears that
the source of the information had ruled that these
states and so forth could be taxes as well as en
individual. This appears to be contrary to well founded
principles of constitutional government as practiced in
the past, and it further appears if this tax can be
levied on States and subdivisions thereof, that any
type of levy can be made on them."

We have discussed with the Collector of Internal
Revenue the several regulations involved in the matter under
consideration, and have been so informed by him that the
printed slip referred to in the second paragraph of your
letter, above set forth, concerns federal agencies only
and has no connection with states or subdivisions thereof.

26 U. S. C. A., Section 3406, imposes a tax en
business machines sold by manufacturers. Section 3442 of
the same title provides that under regulations prescribed by
the Commissioner with the approval of the Secretary, this
tax shall not be imposed with respect to sales for the
exclusive use of any state or subdivision thereof.

On November 20, 1944, the Commissioner revoked the
regulations relating to tax free sales of articles for the use
of states or political subdivisions thereof. We quote the text
of this revocation as the same appears on page 13 LW 2254 of
The United States Law Week:

"The revocation is effective presently with respect
to articles sold and transferred to any state, territory
of the United States, political subdivision thereof, or
the District of Columbia, except that the revocation shall
not apply to deny an exemption otherwise applicable with
respect to articles sold or transferred pursuant to a con-
tract entered into prior to such date. T.D.5418,Nov.20,1944."

We are of the opinion we can dispose of your problem
without the necessity of delving into the constitutional querie
presented by your request. It will be noted that the revocation

Hon. P. L. Marquess, page 3


of the regulation relating to tax free sales, effective November 20, 1944, contains the proviso that it shall not apply to an exemption otherwise applicable with respect to articles sold pursuant to a contract entered into prior to such date. The invoice of Nov. 22, 1944, attached to your request, shows that the date of the order was October 27, 1944, and that a contract for the sale of the business machine was entered into prior to the effective date of the revocation, and the exemption of the tax would be applicable.

We are returning your copy of invoice No. 8111696, together with your letter from the Collector of Internal Revenue.

We trust the foregoing sufficiently answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

(signed)

By:

Robert O. Koch
Assistant

ROK:AMM:xd


APPROVED JAN 20, 1945

Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN